OPINION
On March 7, 2000, the Ashland County Grand Jury indicted appellant, David B. Copeland-Jackson, on two counts of sexual battery in violation of R.C. 2907.03. On June 16, 2000, appellant pled no contest to two counts of gross sexual imposition in violation of R.C. 2907.05. By judgment entry filed July 24, 2000, the trial court sentenced appellant to a total term of thirty-six months in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM TERM ALLOWED BY LAW FOR A FIRST OFFENSE.
 II THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT.
 I, II
Appellant claims the trial court erred in giving him the maximum sentence on each count and in ordering the sentences to be served consecutively. We disagree.
At the outset, we note R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(1) states as follows:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
 (b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
* * *
That the sentence is otherwise contrary to law.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 governs prison terms. Subsection (C) states the following:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Appellant was found guilty of two counts of gross sexual imposition, felonies of the fourth degree. Pursuant to R.C. 2929.14(A)(4), felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." By judgment entry filed July 24, 2000, the trial court sentenced appellant to eighteen months on each count, and ordered them to be served consecutively.
First we will address the individual sentences. Pursuant to R.C.2929.12(B), factors that make an offense more serious than conduct normally constituting the offense include the following in pertinent part:
 The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 The offender held a public office or position of trust in the community, and the offense related to that office or position.
 The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 The offender's relationship with the victim facilitated the offense.
The indictment establishes that appellant performed fellatio on two boys. The plea hearing established the boys were thirteen years old at the time. June 16, 2000 T. at 12. The father of one on the boys explained to the court that the boys suffered serious psychological harm. July 14, 2000 T. at 12-13. Appellant was a volunteer teacher at the boys' school, Glenwood Christian Academy, a church affiliated school. Id. at 7. The trial court found subsections (1) through (6) of R.C. 2929.12(B) citedsupra applied. Id. at 15-18. In sentencing appellant to more than the shortest prison term on each count, the trial court found that "the shortest prison term would not adequately protect the public from future harm by this offender and others and would demean the seriousness of these offenses." Id. at 19.
Upon review, we cannot find clear and convincing evidence that the record does not support the individual sentences or that the sentences are otherwise contrary to law.
Now we will turn our attention to the issue of consecutive sentences. R.C. 2929.14(E)(4) states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In sentencing appellant to consecutive sentences, the trial court stated the following:
 The Court finds that the Defendant has committed the worst form of the offense, and that there is the greatest possibility that the Defendant will re-offend. The Court further finds that consecutive sentences are necessary to protect the public because there are separate victims, and because the harm was so great or unusual that a single sentence would be inappropriate in this case.
Judgment Entry filed July 24, 2000.
Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the aggregate sentence is otherwise contrary to law.
Assignments of Error I and II are denied.
Please see the nunc pro tunc entry filed on 3-23-2001.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed.
Farmer, J. Edwards, P.J., and Wise, J., concur.